Counsel for Plaintiffs
McCarthy Weisberg Cummings, P.C.
2041 Herr Street
Harrisburg, PA 17103-1624
(717) 238-5707

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY BERGER, individually and on behalf of all others similarly situated, <br><br>          Plaintiffs, <br><br>      v. <br><br> BELL-MARK TECHNOLOGIES CORPORATION, <br><br>          Defendant. | Case No..: _____ <br><br><br> COMPLAINT - COLLECTIVE AND CLASS ACTION <br><br><br> **JURY TRIAL DEMANDED** <br><br> *Electronically Filed* |

## THIS FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING TO COLLECT A DEBT OWED TO OUR CLIENTS.  ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THE PURPOSE OF COLLECTING THE DEBT.

## COLLECTIVE AND CLASS ACTION COMPLAINT

JEFFREY BERGER ("Mr. Berger or "Named Plaintiff"), individually and on behalf of all others similarly situated (collectively "Plaintiffs"), by and through undersigned counsel, McCarthy Weisberg Cummings, P.C., hereby files this Collective and Class Action Complaint ("Complaint") against BELL-MARK TECHNOLOGIES CORPORATION ("Bell-Mark" or "Defendant"), and alleges violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New Jersey Wage and Hour Law, N.J. Stat. § 34:11-56a *et seq.* ("NJWHL"), the New Jersey Wage Payment Law, N.J. Stat. § 34:11-4.1 *et seq.* ("NJWPL"), the New Jersey Debt Collection Law ("NJDCL"), N.J. Stat. § 2A:14-1, as well as a common law claim for unjust enrichment, as follows:

### PARTIES

A.   **Named Plaintiff**

1.     Mr. Berger was employed as a Regional Sales Manager at Bell-Mark from in or about July 2015 to in or about August 2017.  Mr. Berger is a resident of the State of New Jersey, residing at 248 Centre Street, Essex County, Nutley, New Jersey.  Mr. Berger's consent to join the collective action aspect of this lawsuit is attached to Named Plaintiff's Complaint as Exhibit A.

2.     At all times relevant to this Complaint, Mr. Berger, and all those similarly situated were "employees" of Bell-Mark for purposes of the FLSA,

NJWHL, and NJWPL, and were individual employees engaged in commerce as required by the FLSA, 29 U.S.C. §§ 206 and 207.

**B.** **Defendant**

3.      Bell-Mark is a business corporation formed under the laws of the Commonwealth of Pennsylvania, with a registered business address and principal place of business of 4500 West Canal Road, Dover, York County, Pennsylvania ("Dover Facility").

4.      At all times relevant to this Complaint, Bell-Mark has been engaged in the textile machine manufacturing industry in Dover, Pennsylvania, and also maintains offices in Pine Brook, New Jersey.

5.      At all times relevant to this Complaint, Bell-Mark has been an employer within the meaning of the FLSA, NJWHL, NJWPL and NJDCL.

6.      At all times relevant to this Complaint, Bell-Mark has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

7.      At all times relevant to this Complaint, Bell-Mark has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce.   29 U.S.C. § 203(s)(1).

8.      Bell-Mark has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.  29 U.S.C. § 203(s)(1).

## JURISDICTION AND VENUE

9.     The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions.  Subject matter jurisdiction over Plaintiffs' claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10.     The NJWHL, NJWPL NJDCL each provide for a private right of action to enforce their provisions.  This Court has supplemental jurisdiction over New Jersey state law claims pursuant to 28 U.S.C. § 1367.

11.     Venue in this district is proper under 28 U.S.C. § 1391(b) because Defendant resides in this district.

## BACKGROUND

12.     Named Plaintiff was employed as a Regional Sales Managers at Bell-Mark's Pine Brook, New Jersey location and not paid overtime wages, as well as certain commissions, during the applicable limitations period.

13.     Bell-Mark has willfully violated the FLSA, related federal regulations, and New Jersey wage and hour laws through their failure to properly pay Named Plaintiff and others similarly situated for all overtime hours they have worked.  In particular, Named Plaintiff often worked in excess of forty (40) hours per week, and in such cases Bell-Mark did not pay Named Plaintiff additional compensation of, at least, the legally mandated rate.  Specifically, Bell-Mark forced Named

Plaintiff and others similarly situated to perform a combination of non-exempt duties as their "primary duty" beyond their shift end time without pay.  Bell-Mark knew and has been aware at all times that Named Plaintiff and others similarly situated regularly worked a combination of non-exempt duties as their "primary duty" in excess of forty (40) hours per week, and yet failed to pay them for all overtime hours they worked.

14.    In addition to the above violations of federal and state laws, Bell-Mark's above actions constitute unjust enrichment because Defendant has improperly and intentionally refused to pay monies they are obligated to pay Named Plaintiff and others similarly situated.

15.    Named Plaintiff and all similarly situated current and former employees, shared similar duties and compensation, and were subjected to Bell-Mark's common plan of depriving them overtime pay.

16.    With respect to Named Plaintiff's FLSA claims, Named Plaintiff seeks to represent a collective class (the "FLSA Class") that is comprised of and defined as:

> All non-exempt persons employed by Bell-Mark Technologies Corporation during the applicable statute of limitations period whose "primary duty" was comprised of performing a combination of non-exempt duties in excess of forty (40) hours per week without being paid at overtime rates.

17.    This action is being brought as a collective action under the FLSA, 29 U.S.C. § 216(b) because Named Plaintiff and the FLSA Class are similar in that they all: (a) had similar duties; (b) performed similar tasks; (c) were not paid overtime compensation; and (d) were not subject to individualized circumstances that impact their right to recover the damages sought herein.

18.    Named Plaintiff brings the NJWHL, NJWPL and NJDCL statutory claims, and the common law claim for unjust enrichment, pursuant to Fed. R. Civ. P. 23 on behalf of a class (the "State Class") defined as:

> All non-exempt persons employed by Bell-Mark Technologies Corporation during the applicable statute of limitations period whose "primary duty" was comprised of performing a combination of non-exempt duties in excess of forty (40) hours per week without being paid at overtime rates.

19.    The State Class as defined above is identifiable.  Named Plaintiff is a member of the State Class.

20.    The State Class, upon information and belief, consists of numerous individuals, both current and former employees of Bell-Mark, and is thus so numerous that joinder of all members is impracticable.

21.    Furthermore, members of the State Class still employed by Bell-Mark may be reluctant to raise individual claims for fear of retaliation.

22.     There are questions of law and fact which are not only common to the Class, but which predominate over any questions affecting only individual members of the Class.  The predominating common questions include, but are not limited to:

a.     Did Bell-Mark fail to pay overtime for all hours worked in excess of forty (40) hours per workweek in violation of the FLSA and NJWHL;

b.     Did Bell-Mark's failure to pay employees all wages owed upon termination violate the NJWPL;

c.     Did Bell-Mark's failures to timely and fully pay employees all wages owed violate the NJWPL;

d.     Did Bell-Mark act willfully, intentionally, and maliciously in failing to pay overtime in violation of the FLSA and NJWHL;

e.     Did Bell-Mark's failure to fully pay employees all wages owed violate the NJDCL; and

f.     Was Bell-Mark unjustly enriched by not paying overtime wages for all hours worked in excess of forty (40) hours per workweek?

23.     The prosecution of the separate actions by individual members of the State Class would create a risk of establishing incompatible standards of conduct for Bell-Mark, within the meaning of Fed. R. Civ. P. 23 (b)(1)(A).

24.     The claims of Named Plaintiff are typical of the claims of each member of the State Class, within the meaning of Fed. R. Civ. P. 23(a)(3), and are based on and arise out of identical facts constituting the wrongful conduct of Bell-Mark.

25.     Named Plaintiff will fairly and adequately protect the interests of the FLSA Class and the State Class.  Plaintiffs, the FLSA Class, and the State Class have retained counsel experienced and competent in class actions and complex employment litigation.

26.     Named Plaintiff has no conflict of interest with the State Class.

27.     Named Plaintiff is able to fairly and adequately represent and protect the interest of the members of the FLSA Class and the State Class. Plaintiffs' counsel is competent and experienced in litigating class actions.

28.     The common questions of law and fact enumerated above predominate over questions affecting only individual members of the State Class, and a class action is the superior method for fair and efficient adjudication of the controversy, within the meaning of Fed. R. Civ. P. 23(b)(3).  The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

29.     There are no unusual difficulties in the management of this case as a class action.

30.     The books and records of Bell-mark are material to Plaintiffs' case as they disclose the hours worked and wages paid to members of the State Class.

## COUNT I

### VIOLATIONS OF THE FLSA
**(Overtime)**

31.     Named Plaintiff incorporates all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

32.     At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

33.     Named Plaintiff and others similarly situated are "employees" and Defendant is their "employer" covered under Section 203 of the FLSA.

34.     The FLSA regulates, among other things, the payment of overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

35.     Section 13 of the FLSA exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply to Plaintiffs.  29 U.S.C. § 213.

36.     As set forth above, Defendant failed to pay Plaintiffs and others similarly situated the failed to pay Plaintiffs the required one and one-half times (1½) times for each hour worked in excess of forty (40) hours in a workweek, in

violation of 29 U.S.C. §§ 207(a) and 215(a)(2).  Overtime pay is, therefore, due and owing to Named Plaintiff and others similarly situated.

37.     Defendant's failures to pay Plaintiffs overtime at one and one-half times (1½) times Plaintiffs' regular rate of pay for all hours worked over forty (40) hours in a workweek was willful, intentional, and malicious.

38.     Defendant violated the FLSA by failing to pay for overtime.  In the course of perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of all hours worked by its employees.

39.     Plaintiffs are entitled to damages incurred within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was prohibited by the FLSA.

40.     Defendant has not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b).  Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime pay, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

41.     As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs.   Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Named Plaintiff, Jeffrey Berger, individually and on behalf of all others similarly situated, and all those opting into this lawsuit, respectfully request that this Honorable Court enter Judgment in their favor and against Defendant, Bell-Mark Technologies Corporation, as follows:

(a)     Certify Count I as a collective action pursuant to 29 U.S.C. § 216(b);

(b)     Order Defendant to file with this Court and furnish to counsel a list of all names and addresses of all Bell-Mark employees who were required to work more than forty (40) hours per week without being paid at overtime rates during the applicable statute of limitations period;

(c)     Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all current and former employees of Bell-Mark who Defendant required to work more than forty (40) hours per week without being paid at overtime rates during the applicable statute of limitations period, informing them that this action has been filed, the nature of the

action, and of their right to opt-in to this lawsuit if they were required to work more than forty (40) hours per week without being overtime during the applicable statute of limitations period;

(d)  Enter judgment in favor of Plaintiffs and all those opting into this lawsuit and against Defendant for violations of the FLSA's overtime requirements;

(e)  Award Plaintiffs and all those opting into this lawsuit their unpaid overtime wages, in an amount to be shown at trial;

(f)  Award Plaintiffs and all those opting into this lawsuit an additional equal amount as liquidated damages;

(g)  Award Plaintiffs and all those opting into this lawsuit pre- and post-judgment interest at the legal rate;

(h)  Award Plaintiffs and all those opting into this lawsuit their costs and reasonable attorneys' fees in bringing this action;

(i)  Enter an Order enjoining Defendant from future violations of the overtime wage provisions of the FLSA; and

(j)  Award Plaintiffs and all those opting into this lawsuit any other relief this Court or a jury deems appropriate.

## COUNT II

### VIOLATIONS OF THE NJWHL
### (Overtime)

42.     Named Plaintiff incorporates all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

43.     Plaintiffs and other class members are employees entitled to the NJWHL's protections.

44.     Defendant is an employer covered by the NJWHL.

45.     The NJWHL provides that employees who work over 40 hours in a workweek shall receive "1 ½ times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week." N.J.S.A. § 34:11-56a4.

46.     By treating Plaintiffs as exempt employees, Defendant failed to keep track of their hours of work.

47.     Defendant violated Section 34:11-56a4 of the NJWHL by failing to pay Plaintiffs and certain class members overtime premium compensation, for hours worked over forty (40) hours during the workweek.

WHEREFORE, Named Plaintiff, Jeffrey Berger, individually and on behalf of all others similarly situated, respectfully requests that this Honorable Court enter Judgment in his favor and against Defendant, Bell-Mark Technologies Corporation, as follows:

(a)     Certify Count II as a class action;

(b)     Enter judgment in favor of Plaintiffs and all members of the State
        Class and against Defendant for violations of the NJWHL's overtime
        requirements;

(c)     Award unpaid overtime wages to Plaintiffs and all members of the
        State Class who were required to work more than forty (40) hours per
        week without being paid at overtime rates during the applicable
        statute of limitations period, in an amount to be shown at trial;

(d)     Award Plaintiffs and all members of the State Class liquidated
        damages as provided under New Jersey law;

(e)     Award Plaintiffs and all members of the State Class pre- and post-
        judgment interest at the legal rate;

(f)     Award Plaintiffs and all members of the State Class their costs and
        reasonable attorneys' fees in bringing this action;

(g)     Enter an Order enjoining Defendant from future violations of the
        overtime provisions of the NJWHL; and

(h)     Award Plaintiffs any other relief this Court or a jury deems
        appropriate.

## COUNT III

**VIOLATIONS OF THE NJWPL**
**(Failure to Pay Overtime Wages)**

48.     Named Plaintiff incorporates all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

49.     As employees, Plaintiffs and other class members are entitled to the protections of the NJWPL.

50.     Section 34:11-4.2 of the NJWPL requires that Plaintiffs and other class members receive all wages owed during the applicable statute of limitations period.

51.     Section 34:11-4.4 of the NJWPL generally prohibits employers, such as Defendant, from making deductions or withholdings from the wages of Plaintiffs and other class members except for those deductions or withholdings permitted therein.

52.     As set forth herein, Defendant has misclassified Plaintiffs as exempt employees when they are actually non-exempt employees under the NJWPL, thereby entitled to the protection and benefits of these laws.

53.     Defendant violated the NJWPL by failing to pay Plaintiffs all of their wages due, and subjecting them to wage deductions and withholdings that are not specifically permitted by the NJWPL.

WHEREFORE, Named Plaintiff, Jeffrey Berger, individually and on behalf of all others similarly situated, respectfully requests that this Honorable Court enter Judgment in his favor and against Defendant, Bell-Mark Technologies Corporation, as follows:

(a)   Certify Count III as a class action;

(b)   Enter judgment in favor of Plaintiffs and all State Class members and against Defendant for failing to pay wages in violation of the NJWPL;

(c)   Award Plaintiffs and all State Class members liquidated damages in an amount equal to one-hundred percent (100%) of the wages due in addition to all wages due, in an amount to be shown at trial;

(d)   Award Plaintiffs and all State Class members pre- and post-judgment interest at the legal rate;

(e)   Award Plaintiffs and all State Class members their costs and reasonable attorneys' fees in bringing this action;

(f)   Enter an Order enjoining Defendant from future violations of the wage provisions of the NJWPL; and

(g)   Award Plaintiffs and all State Class members any other relief this Court or a jury deems appropriate.

## COUNT IV

## BREACH OF CONTRACT

54.     Named Plaintiff incorporates all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

55.     The relevant time period for this cause of action begins at least six (6) years before the date on which the Complaint was filed pursuant to New Jersey debt collection law, which states the following in relevant part:

> **2A:14-1. 6 years.** Every action at law . . . for recovery upon a contractual claim or liability, express or implied, not under seal, or upon an account other than one which concerns the trade or merchandise between merchant and merchant, their factors, agents and servants, shall be commenced within 6 years next after the cause of any such action shall have accrued.

N.J. Stat. § 2A:14-1.

56.     At different times, Defendant, through its employees/managers and/or agents, made oral offer(s) of employment to Plaintiff and the State Class, the terms of which did not vary between members of the class, i.e., that Plaintiff and the State Class would be paid at a fixed hourly rate for all work performed on behalf of Defendant.

57.     Plaintiff and the State Class, in justifiable reliance upon Defendant's promises to pay them for all time worked on behalf of Defendant, accepted Defendant's offer(s) of employment.

58.    Pursuant to their agreement with Defendant, Plaintiff and the State Class performed work on behalf of and for the benefit of Defendant during the Class period.

59.    However, Defendant breached their oral contract(s) with Plaintiff and the State Class by deliberately failing to pay Named Plaintiff and the Class for all hours worked on behalf of Defendant.

60.    Accordingly, Plaintiff and the State Class are entitled to judgment in an amount equal to the time worked on behalf of Defendant.

WHEREFORE, Named Plaintiff, Jeffrey Berger, individually and on behalf of all others similarly situated, respectfully requests that this Honorable Court enter Judgment in their favor and against Defendant, Bell-Mark Technologies Corporation, as follows:

(a)    Certify Count IV as a class action;

(b)    Enter judgment in favor of Plaintiff and all State Class members and against Defendant for breach of contract for failing to pay wages in violation of the NJDCL;

(c)    Award Plaintiff and all State Class members pre- and post-judgment interest at the legal rate;

(d)    Award Plaintiff and all State Class members their costs and reasonable attorneys' fees in bringing this action;

(e)     Enter an Order enjoining Defendant from future violations of the breach of contract provisions of the NJDCL; and

(f)     Award Plaintiff and all State Class members any other relief this Court or a jury deems appropriate.

## COUNT V

### UNJUST ENRICHMENT

61.     Named Plaintiff incorporates all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

62.     The arrangements between Defendant and Plaintiffs improperly classify them as exempt employees which has allowed Defendant to unjustly enrich itself at the expense of the Named Plaintiff and the State Class members by requiring them to have monies withheld from their paychecks which are improper and illegal, and to permit Defendant to shift numerous business costs over to Plaintiffs and members of the class.

63.     Defendant's acceptance and retention of such revenues and profits from these withheld monies from the compensation of Plaintiff and State Class members is inequitable and contrary to fundamental principles of justice, equity, and good conscience.

64.     This results in unjust enrichment to Defendant in violation of the New Jersey common law.

WHEREFORE, Named Plaintiff, Jeffrey Berger, individually and on behalf of all others similarly situated, respectfully requests that this Honorable Court enter Judgment in his favor and against Defendant, Bell-Mark Technologies Corporation, as follows:

(a)   Certify Count V as a class action;

(b)   Enter judgment in favor of Plaintiff and all State Class members and against Defendant for unjust enrichment;

(c)   Award Plaintiff and all State Class members damages in the form of the monies for the hours they were required to work in excess of forty (40) hours per week without being paid at overtime rates during the applicable statute of limitations period, in an amount to be shown at trial;

(d)   Award Plaintiffs and all State Class members pre- and post-judgment interest at the legal rate;

(e)   Award Plaintiffs and all State Class members their costs and reasonable attorneys' fees in bringing this action; and

(f)   Award Plaintiffs and all State Class members any other relief this Court or a jury deems appropriate.

## COUNT VI

### VIOLATIONS OF THE NJWPL
### (Failure to Pay Commissions)

### *Named Plaintiff v. Defendant*

65.     Named Plaintiff incorporates all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

66.     As an employee, Named Plaintiff is entitled to the protections of the NJWPL.

67.     Section 34:11-4.2 of the NJWPL requires that Named Plaintiff receives all wages owed during the applicable statute of limitations period.

68.     Commissions are included in the statute's definition of wages. N.J. Stat. § 34:11-4.1.

69.     Section 34:11-4.4 of the NJWPL generally prohibits employers, such as Defendant, from making deductions or withholdings from the wages of Named Plaintiff except for those deductions or withholdings permitted therein.

70.     As set forth herein, Defendant has withheld certain commissions payable under the NJWPL, thereby entitling Named Plaintiff to the protection and benefits of these laws.

71.     Defendant violated the NJWPL by failing to pay Named Plaintiff all of his wages due, and subjecting them to wage deductions and withholdings that are not specifically permitted by the NJWPL.

WHEREFORE, Named Plaintiff, Jeffrey Berger, respectfully requests that this Honorable Court enter Judgment in his favor and against Defendant, Bell-Mark Technologies Corporation, as follows:

(a)     Enter judgment in favor of Named Plaintiff and against Defendant for failing to pay commissions in violation of the NJWPL;

(b)     Award Named Plaintiff liquidated damages in an amount equal to one-hundred percent (100%) of the wages due in addition to all wages due, in an amount to be shown at trial;

(c)     Award Named Plaintiff pre- and post-judgment interest at the legal rate;

(d)     Award Named Plaintiff his costs and reasonable attorneys' fees in bringing this action;

(e)     Enter an Order enjoining Defendant from future violations of the provisions of the NJWPL; and

(f)     Award Named Plaintiff any other relief this Court or a jury deems appropriate.

## **JURY DEMAND**

Plaintiffs and all members of the FLSA and State Classes demand a trial by jury on all issues triable to a jury as a matter of right.

Respectfully submitted,

McCarthy Weisberg Cummings, P.C.

October 6, 2017                */s/ Derrek W. Cummings*
Date                                  Derrek W. Cummings
Bar I.D. No.:  PA 83286
dcummings@mwcfirm.com

Larry A. Weisberg
Bar I.D. No.:  PA 83410
lweisberg@mwcfirm.com

Steve T. Mahan
Bar I.D. No.:  PA 313550
smahan@mwcfirm.com

2041 Herr Street
Harrisburg, PA 17103-1624
(717) 238-5707
(717) 233-8133 (FAX)

*Counsel for Plaintiffs*