# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jeffrey Berger, individually and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>Bell-Mark Technologies Corp., )<br><br>Defendant. ) | Civil Action No. 1:17-cv-01836<br><br><br>**NOTICE OF FILING AMENDED SETTLEMENT AND RELEASE AGREEMENT** |

As per the Court's Order (Dkt. No. 19), the Parties respectfully submit the attached

Amended Settlement and Release Agreement for approval by the Court.

Respectfully submitted,

WEISBERG CUMMINGS, P.C.

/s/ Derrek W. Cummings
Derrek W. Cummings
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110.9380
Telephone 717.238.5707
Facsimile 717.233.8133
dcummings@weisbergcummings.com
lweisberg@weisbergcummings.com

*Attorneys for Plaintiff, Jeffrey Berger*

Dated: May 10, 2019

LITTLER MENDELSON, P.C.

/s/ Martha J. Keon
Martha J. Keon, (PA #207237)
LITTLER MENDELSON
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
(267) 402-3000
mkeon@littler.com

*Attorneys for Defendant, Bell-Mark Sales Co., Inc. (improperly sued herein as Bell-Mark Technologies Corporation)*

Dated: May 10, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of May 2019, the foregoing document

was served by e-mail upon the following counsel of record:

> Derrek W. Cummings, Esq.
> Larry Weisberg, Esq.
> WEISBERG CUMMINGS, P.C.
> 2704 Commerce Drive, Suite B
> Harrisburg, PA 17110
> dcummings@weisbergcummings.com
> lweisberg@weisbergcummings.com


/s/ *Martha J. Keon*
Martha J. Keon

## AMENDED SETTLEMENT AND RELEASE AGREEMENT

This Amended Settlement and Release Agreement (the "Agreement") is entered into between former employee Jeffrey Berger ("Employee") and Bell-Mark Sales Co., Inc. ("the Company"), collectively referred to herein as "the Parties."

WHEREAS, Employee filed a lawsuit in the United States District Court for the Middle District of Pennsylvania under the caption *Jeffrey Berger, individually and on behalf of all others similarly situated v. Bell-Mark Technologies Corporation* in the United States District Court for the Middle District of Pennsylvania under Case No. 1:17-cv-1836-CCC ("the Lawsuit");

WHEREAS, the Company denies the allegations made in the Lawsuit against it, erroneously named Bell-Mark Technologies Corporation;

WHEREAS, the Parties agree that the Lawsuit cannot proceed in the Middle District of Pennsylvania and would have to be transferred to a New Jersey court, as the real party in interest is the Company, which is located in New Jersey;

WHEREAS, in order to avoid the time and expense of further litigation, the Parties have agreed to settle fully and finally all actual or potential claims or differences between them, including the dismissal of the Lawsuit with prejudice, and want to memorialize the terms of the settlement; and

WHEREAS, the Parties submitted their original Settlement and Release Agreement to the Court for approval, and by Order dated April 30, 2019, the Court ordered the Parties to narrow the scope of the release;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and for other good and valuable consideration, the receipt of which is hereby acknowledged, it is hereby agreed by and between the Parties as follows:

1.    <u>NO ADMISSION</u>.   This Agreement and compliance with it shall not be construed as an admission by the Company of any liability whatsoever or of any violation of the rights of Employee or any person, or any violation of any order, law, statute, duty, or contract whatsoever against Employee or any person.  The Company specifically denies and disclaims any such liability on the part of the Company, its current and former employees, owners, officers, directors, agents, members, parents, subsidiaries, affiliates (including but not limited to Bell-Mark Technologies Corporation), successors or assigns ("Released Parties").

2.    <u>CONSIDERATION</u>.   No later than the fourteenth (14th) day after the latter of the dates on which the Company's counsel receives:  (1) this Agreement signed by Employee, (2) Forms W-9 signed by Employee and Employee's counsel of record, and (3) the Court approves the settlement of the FLSA claim and dismisses the Lawsuit, the Company shall cause to be delivered to counsel for Employee two checks totaling the

gross amount of Nine Thousand Dollars and No Cents ($9,000.00), as follows:  (a) one check payable to Jeffrey Berger in the gross amount of Four Thousand Eight Hundred Dollars and No Cents ($4,800.00), for which a Form 1099 will issue, and (b) one check payable to Weisberg Cummings, P.C. in the amount of Four Thousand Two Hundred Dollars and No Cents ($4,200.00), for which appropriate Forms 1099 will issue.

3.    <u>TOTAL CONSIDERATION</u>.  Employee agrees that the Consideration set forth in Paragraph 2 above is the sole and exclusive consideration for, and settlement in full accord and satisfaction of all claims against the Company, its employees, officers, directors, agents, members, parents, subsidiaries, affiliates, successors or assigns (individually and/or collectively) that were asserted in the Lawsuit, as well as any federal, state, or local claims or causes of action, both past and present, known and unknown.  Employee further agrees that he will not seek any further compensation for any other claimed business expense, damage, liquidated damages, costs, or attorneys' fees in connection with the matters encompassed in this Agreement, and that the Parties shall each bear their own attorneys' fees and costs.

4.    <u>REPRESENTATIONS.</u>    By executing this Agreement, Employee represents that:  (a) no wages or other monies are due to him at this time, other than the Consideration set forth in Paragraph 2 above; (b) he has reported to the Company any and all work-related injuries or occupational disease incurred by him during his employment by the Company; (c) he has been properly provided any leave requested under any governing law, and has not been subjected to any improper treatment, conduct or actions due to a request for or taking such leave; and (d) he has disclosed any pending judicial and administrative complaints, claims, or actions filed against the Company or Released or any other released person or entity.

5.    <u>DISMISSAL</u>.  This Agreement is expressly conditioned upon the approval of the release of the FLSA claim by the Court and the actual dismissal by the Court of all of the claims alleged in the Lawsuit with prejudice.  If the Court declines to approve this Agreement, fails to dismiss the Lawsuit or vacates its order dismissing the Lawsuit in whole, or in part, or otherwise refuses or fails to dismiss all such claims with prejudice, this Agreement shall be null and void and, if previously paid, the Consideration set forth in Paragraph 2 must be returned to the Company.

6.    <u>TAXES</u>.  Employee acknowledges and agrees that the Company has made no representations to him regarding the tax consequences of any amounts received by him pursuant to this Agreement.  Employee agrees to pay federal, state or local taxes, if any, which are required by law to be paid with respect to this settlement. Employee further agrees to indemnify and hold the Company harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any governmental entity against the Company for taxes claimed due on account of this Agreement or pursuant to claims made under any federal, state or local tax laws, and any costs, expenses or damages sustained by the Company in connection therewith. Should legal action be necessary for the Company to assert its rights, Employee agrees

to indemnify the Company for any attorneys' fees and costs incurred if it is the prevailing party in any action enforcing this provision.

7.    <u>RELEASE</u>.  Employee hereby irrevocably and unconditionally releases and forever discharges the Released Parties and all persons acting by, through, under, or in concert with any of them from all claims asserted in the Lawsuit, including damages, attorney's fees, costs and expenses, to the fullest extent permitted by governing law, including without limitation, claims alleging violation of  the Fair Labor Standards Act, the New Jersey Wage and Hour Law, the New Jersey Wage Payment Law, the New Jersey Debt Collection Law; any common law claim for unjust enrichment; and any other federal, state, or local law based on the facts alleged in the Lawsuit.

8.    <u>NO PENDING CLAIMS</u>.  With the exception of the Lawsuit, Employee represents that he has not filed, and will not file, any other complaints, claims, or actions against the Released Parties with any state, federal, or local agency or court or any other forum based on events prior to the execution date of this Agreement.  However, nothing in this Agreement shall preclude a federal, state or local government agency from enforcing applicable laws; although, Employee agrees that this Agreement bars him from recovering any individual relief in connection with any such enforcement action filed by him or on his behalf, to the fullest extent permitted by governing law.

9.    <u>NON-DISPARAGEMENT</u>.  Employee agrees to make no public or private statements that are disparaging of the Company, except that he may furnish factually accurate information requested by any federal, state or local governmental entity or pursuant to subpoena.  Employee shall direct any requests for verification of employment only to John Marozzi, who will provide dates of employment, position held and salary if authorized.  No other information will be provided.

10.    <u>NO REAPPLY</u>.  Employee agrees and recognizes: (a) that his employment with the Company has ended, (b) he will not apply for or otherwise seek employment or work as, or through, an independent contractor with the Company, or its parents, subsidiaries, affiliates, successors or assigns; and (c) that the Company and its parents, subsidiaries, affiliates, successors and assigns have no obligation to employ, hire, reinstate or otherwise engage him in the future.  Employee further agrees and recognizes that if he applies and/or is re-hired by the Company or its parents, subsidiaries, affiliates, successors or assigns in the future, this Agreement is sufficient and appropriate legal grounds for denying or terminating his employment or other contractual arrangement.

11.    <u>NO TRANSFER</u>.  This Agreement shall be binding upon, and inure to the benefit of, the Released Parties and upon their employees, officers, directors, members, parents, subsidiaries, affiliates, agents, heirs, administrators, representatives, executors, successors, and assigns.  Employee expressly warrants that he has not transferred to any person or entity any rights, causes of action or claims released in this Agreement.

12.   PLAIN MEANING. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the Parties.

13.   GOVERNING LAW AND ENFORCEMENT.   This Agreement shall be construed and enforced pursuant to the laws of the Commonwealth of Pennsylvania.  It is further understood and agreed that if, at any time, a violation of any term of this Agreement is asserted by any Party hereto, that Party shall have the right to seek specific performance of that term and/or any other necessary and proper relief, including but not limited to damages, from any court of competent jurisdiction.  In any lawsuit seeking to enforce the terms of this Agreement, the prevailing party shall be awarded its reasonable attorney's fees and costs incurred by the other.

14.   VOLUNTARY AGREEMENT.  Employee acknowledges that he has read this Agreement, understands its legal and binding effect, and is acting voluntarily and of his own free will in executing it.  Employee understands that the consideration for this Agreement is in addition to anything of value to which he is already entitled.  Employee has had the opportunity to seek, and is advised in writing to seek, legal counsel prior to signing this Agreement.  Employee has been given at least 21 days from the date he received this Agreement to consider its terms before signing it.  In the event that he chooses to sign it prior to the expiration of the 21-day consideration period, he represents that he is knowingly and voluntarily waiving the remainder of the 21-day consideration period, and agrees that changes, whether material or immaterial, do not restart the running of the 21-day consideration period.

15.   REVOCATION.  Employee understands that if he signs this Release, he can change his mind and revoke it within seven days after signing it by returning it with written revocation notice to the Company's attorney, Martha Keon, Littler Mendelson, PC, Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321, Facsimile 267-402-3131.  Employee understands that this Release will not be effective until after this seven-day period has expired.   If the revocation period expires on a weekend or holiday, Employee understands that he has until the end of the next business day to revoke.

Dated: 5/8/19

JEFFREY BERGER

Dated: _____

BELL-MARK SALES CO., INC.

By: _____

FIRMWIDE:164251100.1 095538.1002

4

12.    PLAIN MEANING. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the Parties.

13.    GOVERNING LAW AND ENFORCEMENT.   This Agreement shall be construed and enforced pursuant to the laws of the Commonwealth of Pennsylvania. It is further understood and agreed that if, at any time, a violation of any term of this Agreement is asserted by any Party hereto, that Party shall have the right to seek specific performance of that term and/or any other necessary and proper relief, including but not limited to damages, from any court of competent jurisdiction. In any lawsuit seeking to enforce the terms of this Agreement, the prevailing party shall be awarded its reasonable attorney's fees and costs incurred by the other.

14.    VOLUNTARY AGREEMENT.   Employee acknowledges that he has read this Agreement, understands its legal and binding effect, and is acting voluntarily and of his own free will in executing it. Employee understands that the consideration for this Agreement is in addition to anything of value to which he is already entitled. Employee has had the opportunity to seek, and is advised in writing to seek, legal counsel prior to signing this Agreement. Employee has been given at least 21 days from the date he received this Agreement to consider its terms before signing it. In the event that he chooses to sign it prior to the expiration of the 21-day consideration period, he represents that he is knowingly and voluntarily waiving the remainder of the 21-day consideration period, and agrees that changes, whether material or immaterial, do not restart the running of the 21-day consideration period.

15.    REVOCATION. Employee understands that if he signs this Release, he can change his mind and revoke it within seven days after signing it by returning it with written revocation notice to the Company's attorney, Martha Keon, Littler Mendelson, PC, Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321, Facsimile 267-402-3131. Employee understands that this Release will not be effective until after this seven-day period has expired. If the revocation period expires on a weekend or holiday, Employee understands that he has until the end of the next business day to revoke.

Dated: _____      _____
                       JEFFREY BERGER

Dated: _____      BELL-MARK SALES CO., INC.

                       By: _____

FIRMWIDE:164251100.1 095538.1002

4